Griffith v Atkins Glenmore Realty, LLC (2019 NY Slip Op 03957)





Griffith v Atkins Glenmore Realty, LLC


2019 NY Slip Op 03957


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-01298
 (Index No. 2213/16)

[*1]Eugene Griffith, appellant, 
v
Atkins Glenmore Realty, LLC, respondent.


Eugene Griffith, Brooklyn, NY, appellant pro se.
Jason J. Rebuhn, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 22, 2018. The order denied the plaintiff's ex parte motion, among other things, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated November 15, 2017, granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint upon the plaintiff's default.
ORDERED that on the Court's own motion, the notice of appeal from the ex parte order is deemed to be an application pursuant to CPLR 5704 to vacate the order; and it is further,
ORDERED that the application pursuant to CPLR 5704 is granted, the ex parte order dated January 22, 2018, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
On July 22, 2015, the plaintiff entered into a contract of sale with the defendant to purchase a residential parcel of property in Brooklyn. On February 26, 2016, the plaintiff commenced this action against the defendant for specific performance of the contract and to recover damages for breach of contract. The defendant moved pre-answer, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and to cancel the notice of pendency. The plaintiff failed to submit written opposition to the motion, and failed to appear at a subsequent court date. By order dated November 15, 2017, the Supreme Court, among other things, granted the defendant's motion to dismiss the complaint and to cancel the notice of pendency, based upon the plaintiff's failure to appear "at and for argument."
On January 22, 2018, the plaintiff presented a proposed order to show cause to the Supreme Court seeking, inter alia, to vacate his default pursuant to CPLR 5015(a)(1), to reinstate the notice of pendency, and to restore the action to the calendar. In an ex parte order dated January 22, 2018, the court denied the plaintiff's motion.
"The court in a proper case may grant an order to show cause, to be served in lieu of a notice of motion, at a time and in a manner specified therein" (CPLR 2214[d]). Whether the circumstances constitute a "proper case" for the use of an order to show cause instead of a notice of motion is a matter within the discretion of the court to which the proposed order is presented (see [*2]Siegel, NY Prac § 248 [5th ed. 2011]). Under the particular circumstances of this case, the use of an order to show cause was proper, and the Supreme Court should not have issued an ex parte order disposing of the order to show cause, prior to the execution of the order to show cause and service thereof. Accordingly, we vacate the ex parte order, and remit the matter to the Supreme Court, Kings County, to set a return date for the plaintiff's order to show cause (see Matter of Gonia v Gonia, 231 AD2d 718; see also Citimortgage, Inc., v Gill, 165 AD3d 623).
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court